RECEIVED
NOV 1 7 2010
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# United States District Court
## for the
## District of Alaska
### Petition for Warrant or Summons for Offender Under Probation

| | |
|---|---|
| Name of Offender: BP Exploration (Alaska) Inc. | Case Number: 3:07-CR-00125-RRB |
| Sentencing Judicial Officer: | Ralph R. Beistline, Chief U.S. District Court Judge |
| Date of Original Sentence: | November 29, 2007 |
| Original Offense: | Clean Water Act, 33 U.S.C. §§ 1319(c)(1) and 1321(b)(3) |
| Original Sentence: | Three years probation, $12,000,000 fine, $8,000,000 restitution, $4,000,000 community restitution |
| Date Supervision Commenced: | November 29, 2007 |
| Asst. U.S. Attorney: Andrea T. Steward | Defense Attorney: Jeffrey Feldman/Carol Dinkins/James Lucari |

## PETITIONING THE COURT

[ ] To issue a warrant
[✓] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision, "The defendant shall not commit another federal, state, or local crime," in that in November 2009, the corporate defendant did violate Alaska Statute 11.81.900(a)(4). This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision, "The defendant shall not commit another federal, state, or local crime," in that in November 2009, the corporate defendant did violate the Clean Water Act, 33 U.S.C. §§ 1319(c)(1), 1311. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender        :        BP Exploration (Alaska) Inc.*
*Case Number             :        3:07-CR-00125-RRB*

U.S. Probation Officer Recommendation:

The term of probation should be:

[X]   Revoked
[ ]   Extended

[ ]   The conditions of probation should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**
Mary Frances Barnes
U.S. Probation/Pretrial Services Officer
Date: November 16, 2010

Approved by:

**REDACTED SIGNATURE**
Eric D. Odegard
Supervising U.S. Probation Officer

Case 3:07-cr-00125-RRB   Document 27   Filed 11/17/10   Page 2 of 6

*Petition for Warrant or Summons*
*Name of Offender* : *BP Exploration (Alaska) Inc.*
*Case Number* : *3:07-CR-00125-RRB*

THE COURT ORDERS

[ ] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.*

[✓] The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[ ] Other:

\s\ RRB
_____

Ralph R. Beistline
Chief U.S. District Court Judge

11/17/10
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

United States District Court
for the
DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: 3:07-CR-00125-RRB |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| BP Exploration (Alaska) Inc. ) | |

I, Mary Frances Barnes, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of probation for BP Exploration (Alaska) Inc., and in that capacity declare as follows:

Background

On November 29, 2007, BP Exploration (Alaska), Inc. (BPXA) was convicted of violating the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act. This conviction was based on the March 2006 negligent discharge of over 200,000 gallons of oil into a water of the United States, namely a lake and tundra located in BPXA's oil fields near Prudhoe Bay, Alaska. The discharge was caused by BPXA's negligent maintenance of an oil transit line (OTL) which lead to uncontrolled internal corrosion of the pipeline and ultimately a discharge from the pipeline. BPXA was sentenced to three years probation, a fine of $12,000,000, ordered to pay restitution of $8,000,000 and $4,000,000 in a community work service payment. The Plea Agreement provided an opportunity for BPXA to be released from probation after only one year if they created and met certain pipeline and operational benchmarks aimed at addressing the causes of the spill. BPXA failed to meet those requirements.

Factual Information for Voilation of Probation

In late November 2009, an 18-inch flow line carrying a mixture of crude oil, produced water, and natural gas from the wells to the Lisburne Production Center (LPC) ruptured, discharging approximately 13,000 gallons of oil and an indeterminate amount of produced water onto the tundra. The impacted tundra is located within approximately a quarter mile of Prudhoe Bay, Alaska. The United States considers North Slope tundra and this discharge location in particular to be a "water of the United States" under the Clean Water Act. The ruptured 18-inch pipeline was "looped" with a 24-inch pipeline, meaning that both lines carried the same fluids from a common source to a common endpoint, in this case the LPC. The 24-inch line did not rupture.

Fluid flow within the 18-inch pipeline slowed or stopped completely at some point in late May 2009, while flow within the looped 24-inch pipeline continued. A temperature sensor positioned on the surface of the 18-inch line and located inside a heated module detected a reduction in the line's temperature. Critically, this pipeline had no instrumentation to directly monitor or control

**Declaration in Support of Petition**
**BP Exploration (Alaska), Inc.**

flow conditions within the pipeline. The surface mounted temperature sensor was the sole means of interpreting flow conditions within the line.

After approximately June 2009, the 18-inch pipeline tracked ambient temperatures of the heated module in which it was located. In that same time period, warning alarms consistently registered low temperatures for the 18-inch pipeline. BPXA operators failed to respond to the alarms and failed to investigate or troubleshoot the cause of the alarms. In addition, the alarm setting for the pipeline's temperature sensor was set to BPXA's low priority status, that of "Informational," thereby improperly indicating to the workers that a response was not required.

On or about November 14, 2009, after approximately 165 days of low temperature warning alarms for the 18-inch line, BPXA identified that an ice plug or hydrate blockage had developed in the pipeline. Had BPXA responded to the alarms and investigated their cause during the warmer summer months, corrective actions could have been implemented to restore flow and prevent ice or hydrate formation in the pipeline. Had BPXA responded to the alarms and investigated its cause during the warmer summer months, corrective actions could have been implemented to restore flow and prevent ice or hydrate formation in the pipeline before the onset of arctic winter conditions.

On November 29, 2009, a BPXA operator driving along the elevated 18-inch pipeline discovered that the line had ruptured, discharging oil onto the tundra between the well pads and the LPC. The precise time of the pipeline failure remains uncertain.

Forensic examination of the 18-inch pipeline determined the primary cause of the failure to be internal over-pressurization of the line. The formation and expansion of ice or hydrates in the 18-inch pipeline compressed the material within the line, causing an internal pipeline pressure far beyond safe operating conditions. In effect, the pipeline exploded, dynamically deforming and opening a jagged hole in the wall of the pipe. Forensic examination of the fracture area indicated a fracture length of approximately 2.75 feet and a maximum width of 1.46 feet.

Previous Knowledge of Causal Conditions

In 2001, BPXA experienced a similar rupture in frozen "looped" pipelines near its oil Gather Center 1 (GC1) and D Pad. Following this pipeline failure, BPXA made recommendations to prevent similar incidents in the future, namely: (1) the need to relocate surface mounted temperature sensors outside of heated modules; (2) the need to reset flow line alarm priorities to "Critical;" and (3) the need to directly monitor flow conditions in a "looped" line configuration. BPXA's internal investigation report into the 2009 18-inch pipeline rupture near the LPC acknowledges that it failed to implement these preventative measures.

**Declaration in Support of Petition**
**BP Exploration (Alaska), Inc.**

Criminal Negligence

BPXA's conduct constitutes negligence under the meaning of the federal Clean Water Act, 33 U.S.C. § 1319(c)(1), 1311; and/or gross negligence under the meaning of Alaska Statute 11.81.900(a)(4). This is based on: (1) BPXA's failure to follow its own preventative measures following the 2001 line rupture and the relevance of these measures in potentially preventing the 2009 line rupture and (2) BPXA's lack of response to consistent low temperature alarm warnings during the summer and fall of 2009 when corrective actions could have been implemented to prevent the pipeline failure and discharge of oil to a water of the United States and/or prevent the pollution of Alaska lands.

Executed this 16th day of November, 2010, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Mary Frances Barnes
U.S. Probation Officer